**Joe David NEAVES, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00458–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 30, 1987.

Rehearing Denied March 2, 1987.

Mark Stevens, Robert Valdez, Leo Dougherty, San Antonio, for appellant.

Fred G. Rodriguez, Crim. Dist. Atty., Sam Millsap, Jr., Former Crim. Dist. Atty., Kirk Sherman, Charles Estee, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for driving while intoxicated. Defendant was found guilty in a jury trial. The jury assessed punishment at 45 days incarceration and a fine of $500.00. We affirm.

The defendant's first point of error complains of the trial court overruling an objection to the State's argument which defendant now contends was a comment on his failure to testify.

The defendant did not himself testify nor did he call witnesses during the guilt/innocence phase of the trial or the punishment phase of the trial. The jury was charged during the first phase that the defendant's failure to testify must not be taken against him in deciding whether he was guilty or not guilty. No similar instruction was requested or included in the charge on punishment. During the State's closing argument on punishment the following occurred:

[Prosecutor]: ... Now, throughout this trial Mr. Joe Neaves has the right, and certainly every one of us would have the right to remain silent. No one can make him get on the stand, and, cer-

tainly, no one would try to violate his right against getting on the stand if he chose to exercise it. But in relation to that, the defendant has the same subpoena power that the State has. They can call any witnesses they want to testify about Joe's reputation. They could have brought in anyone they wanted to testify about Joe's—

[Defense Counsel]: Just a minute now, Your Honor. We have to object to this because our objection initially to the first witness which we carried through all of the witnesses on a running objection was that that was not admissible in the first place. It was an improper question as to the reputation of the defendant in the community in which he resides as being a peaceful and law abiding citizen. And we urge it is improper, and now for him to argue it is compounding the error, and we object to him arguing thus.

THE COURT: There was no running objection by this court heard.

Also, Article 3707 allows that evidence to be submitted before the jury. You are overruled.

[Defense Counsel]: Note our exception.

[Prosecutor]: My point is that they could have brought in anyone out there who would be willing to swear under oath that he had a good reputation for being a peaceful and law abiding citizen.

[Defense Counsel]: We further, Your Honor, urge the court that this is a violation of the defendant's right not to testify in this cause in both sectors, both prongs. And it is—it is attempting to use the defendant's election and his privilege of not testifying to enhance punishment, and we object to it for that reason.

THE COURT: Overruled.

[Defense Counsel]: Note our exception, and, also, for his not calling any witnesses, we object for that further reason.

THE COURT: Overruled.

Arguably the defendant's objection "and it is—attempting to use the defendant's election and his privilege of not testifying to enhance punishment, and we object to it for that reason," was not timely. The court had made one ruling, and the prosecutor had resumed his argument before the defendant objected to the language of which he now complains. An objection must come as soon as the ground of the objection becomes apparent. *Carrillo v. State*, 566 S.W.2d 902, 912 (Tex.Crim.App.1978). But assuming the error was preserved, we find that it is harmless. Similar arguments have been held to be no more than a paraphrasing of the charge of the court. Such argument is not in derogation of the rights of a defendant not to testify but in support thereof. *Short v. State*, 511 S.W.2d 288, 291 (Tex.Crim.App.1974); *Hardy v. State*, 496 S.W.2d 635, 638 (Tex.Crim.App.1973). The first point of error is overruled.

In points of error three and four the defendant complains of the trial court's threats, in the presence of the jury, to hold the defendant's counsel in contempt. In the presence of the jury the following transpired:

THE COURT: All right. I will call for announcements in the State of Texas v. Joe David Neaves, III; 311,990. What says the State, please?

[PROSECUTOR]: The State is ready, Your Honor.

THE COURT: And the defense?

[DEFENSE COUNSEL]: I believe, Your Honor, the State—the defendant has already made its announcement in this case.

THE COURT: For the purposes of this record, what is the defense announcement, please?

[DEFENSE COUNSEL]: The same as it was earlier, Your Honor. We announce not ready and we protest this ab initio.

THE COURT: All right.

[DEFENSE COUNSEL]: For the reasons that were dictated earlier, Your Honor, into the record on the defendant's Motion to Recuse Your Honor.

THE COURT: You may be seated, sir, or be found in contempt of court.

[DEFENSE COUNSEL]: Thank you. Note our exception to the ruling of the Court, please.

THE COURT: One more outburst and you shall be found in contempt of court. Do you understand [Defense Counsel]? I shall not tolerate this kind of action in this Court. You may be seated, sir. Would you please come forward, [Prosecutor] to read the information? Mr. Neaves, would you stand to receive the information?

■■■ Ordinarily counsel should not be reprimanded in the presence of the jury, *Banks v. State,* 510 S.W.2d 592, 595 (Tex. Crim.App.1974). However, it appears from the record that counsel intentionally avoided complying with the request of the court. Instead of simply announcing whether he was ready for trial or not, he used the opportunity to inform the jury that a motion to recuse the judge had been previously filed.

It was appropriate for the court to take whatever reasonable action it deemed necessary to curtail further remarks before the jury concerning matters that had no bearing on issues they would decide. Telling counsel to be seated or be found in contempt was not an unreasonable order from the court under the circumstances.

We note further that no objection was made by defense counsel, and no further relief was requested. The statement of counsel excepting to the ruling of the court did not preserve any error. Depending on the tone of counsel's voice at the time, the statement could be a very sarcastic and contemptuous remark. This is not shown by the cold record except for the court categorizing it as an "outburst" and again threatening contempt. No objection of any sort followed the judge's latter statement, and we feel no prejudicial error is shown. *Id.*

■■■ Under point of error eight the defendant contends that the trial court erred in overruling his special plea of collateral estoppel.

When the defendant was arrested he refused to give a specimen of his breath or blood to determine his alcohol concentration. According to appellant's brief, this resulted in the State, through the Texas Department of Public Safety, filing a petition to suspend his driver's license pursuant to TEX.REV.CIV.STAT.ANN. art. 6701*l*–5 (Vernon Supp.1986), and a hearing being held on the petition before a municipal court judge. Appellant's brief states, "After hearing evidence, [the judge] found against the State, holding both that it had failed to prove that appellant was driving the vehicle, and that he was driving while intoxicated."

Neaves contends that the doctrine of collateral estoppel should have barred the trial in the county court because of the previous findings in the municipal court.

Collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated again between the same parties in another lawsuit. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970); *Ex parte Robinson,* 641 S.W.2d 552, 556 (Tex.Crim. App.1982).

The issues to be determined at the hearing under article 6701*l*–5, § 2(f) are: (1) that probable cause existed that the person was driving while intoxicated, (2) that the person was arrested and given an opportunity to give a specimen, and (3) that the person refused to give a specimen. TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(f) (Vernon Supp.1986). These are not the same issues of ultimate fact as are present in a prosecution for driving or operating a motor vehicle in a public place while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1986).

The narrow issues of driving a motor vehicle and intoxication are judged differently in the criminal prosecution situation and in the driver's license hearing. In the former the issues must be established to the satisfaction of the trier of fact beyond a reasonable doubt. In the latter situation the proof is the same as that required for probable cause to arrest.

Probable cause to arrest exists when the facts and circumstances within an officer's

knowledge and of which he has reasonably trustworthy information would warrant a reasonable and prudent person in believing that a particular person has committed a crime. *Lewis v. State*, 598 S.W.2d 280, 284 (Tex.Crim.App.1980). The important difference is that probable cause may be legitimately based on hearsay information known to the officer. The same information may not be admissible in a criminal prosecution.

We conclude that no error requiring reversal is shown in point of error eight.

■ Under point of error nine the defendant complains that a requested defensive issue should have been submitted to the jury.

It is settled law that when evidence from any source raises a defensive issue, and the charge is properly requested, the charge on that issue should be submitted to the jury. *Simpkins v. State*, 590 S.W.2d 129, 132 (Tex.Crim.App.1979).

The defendant requested that the jury be instructed as follows:

You are instructed that there is testimony that if the defendant was abnormal, such abnormality, if any, was caused by a blow to the head.

You are further instructed that if you believe from the evidence that the condition, actions and conduct, if any, of the defendant, Joe David Neaves, upon which the policemen base their opinions regarding intoxication were caused by or resulted by a blow to the head, or if you have a reasonable doubt thereof, you will find the defendant 'not guilty'.

The testimony which the defendant contends required submission of this issue came from Ismael Cisneros, Police Sergeant Harold Flammia, and Police Sergeant Raul Crisantes. Cisneros was the driver of the other vehicle involved in an accident with the defendant. He testified that after he and the defendant were out of their vehicles, he saw the defendant holding his hand on his forehead. Cisneros was cross-examined by defense counsel as follows:

Q: ... Isn't it true that from your observation of Joe Neaves it appeared to you that he was suffering from a blow to the head out of the accident; isn't that what it looked like to you?

A: Yes sir; that was what he was ...

Q: ... Isn't it a fact that he appeared to be stunned or dazed as a result of that blow to the head, is that ...

A: Yes sir.

Q: And isn't it a fact that you formed the opinion that Mr. Neaves was not intoxicated; isn't that true?

A: No sir, not that I recall. I didn't sir.

Sergeant Flammia testified that he believed the defendant was under the influence of alcohol. He stated that he saw no outward signs of injury to the defendant. He asked the defendant if he was hurt, and the defendant said no. Other pertinent testimony of Flammia was as follows:

Q: Now, it's possible, is it not, Sergeant Flammia, that Joe was stunned from a blow to his head in the accident? Don't you agree with that?

A: Anything is possible....

Q: It's possible you could be mistaken in your opinion of intoxication too; isn't it, Sergeant?

A: It's possible, but I don't think so in this case.

Sergeant Crisantes's relevant testimony was as follows:

Q: ... You don't know whether he did or not receive a blow to the head in the collision; do you?

A: No sir.

Q: And you could be mistaken in the fact he was responding to alcohol intoxication, that he might in fact have been responding to the effects of a blow to the head received in the accident? Is that possible that you could be mistaken; isn't that true, Sergeant?

A: Yes sir.

The defendant did not testify.

None of the above testimony amounts to evidence that the defendant did in fact receive a blow to the head, only that he appeared to or possibly could have. This does not raise the defensive issue that his

conduct was caused by something other than alcohol intoxication.

■ Further, the requested charge was not a proper one. A charge that singles out limited parts of the evidence, as the proposed charge did, would clearly be an improper comment by the judge on the weight of the evidence. *Plunkett v. State,* 580 S.W.2d 815, 824 (Tex.Crim.App.1979). Point of error nine is overruled.

In his seventh point of error the defendant contends that the consistent hostility of the judge throughout the trial denied him the effective assistance of counsel. The defendant cumulates several points of error urged elsewhere with isolated allegations of misconduct by the judge both in the presence and absence of the jury. This point of error is not in compliance with TEX.CODE CRIM.PROC.ANN. art. 40.09, § 9 (Vernon 1979). We consider the allegations here as well as the remaining points of error alleged. There is nothing presented for review. *Gantz v. State,* 661 S.W.2d 213, 223 (Tex.App.—San Antonio 1983, pet. ref'd). The remaining points of error have been considered, and they are overruled.

The judgment of conviction is affirmed.

CADENA, C.J., concurs.

CADENA, Chief Justice, concurring.

I agree that the judgment should be affirmed, but I would decline to give preclusive effect to the driver's license suspension hearing solely on the ground that a license suspension hearing is an administrative, rather than a judicial proceeding. *Cf. Davenport v. State,* 574 S.W.2d 73, 75 (Tex.Crim.App.1978); 8 Tex.Jur 3d *Automobiles* § 167, p. 198.