Joe David NEAVES, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 357–87.

Court of Criminal Appeals of Texas, En Banc.

Feb. 22, 1989.

Rehearing Denied March 22, 1989.

---

Mark Stevens, Leo Dougherty, Robert A. Valdez, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., and Jay Brandon, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of driving while intoxicated. The jury assessed his punishment at 45 days in the county jail, and a fine of $500.00. The Fourth Court of Appeals affirmed the conviction. *Neaves v. State,* 725 S.W.2d 785 (Tex.App.—San Antonio 1987).

Upon his arrest appellant refused to submit a specimen of breath or blood for a determination of alcohol concentration. Consequently, prior to trial a hearing was held before a municipal court, pursuant to V.T.C.A., Article 6701*l*–5, § 2(f), to determine whether appellant's driver's license should be suspended. At the conclusion of the hearing the municipal court made a negative finding upon the question whether probable cause existed that appellant had been driving while intoxicated. Thus, appellant's license was not suspended. Subsequently appellant raised a plea of collateral estoppel in the instant cause, asserting that the negative finding by the municipal court in the license suspension proceeding estopped the State from attempting to establish in the instant trial that appellant had been driving while intoxicated. Both the trial court and the court of appeals rejected this contention.

In the course of its analysis the court of appeals reasoned:

"The issues to be determined at the hearing under article 6701*l*–5, § 2(f) are: (1) that probable cause existed that the person was driving while intoxicated, (2) that the person was arrested and given an opportunity to give a specimen, and (3) that the person refused to give a specimen. * * * These are not the same issues of ultimate fact as are present in a prosecution for driving or operating a motor vehicle in a public place while intoxicated."

725 S.W.2d at 788.

In his petition for discretionary review appellant asserts the disposition by the court of appeals is contrary to this Court's opinion in *Ex parte Tarver,* 725 S.W.2d 195 (Tex.Cr.App.1986). In *Tarver,* supra, we held that a specific finding of fact in a probation revocation proceeding that an accused did not commit an alleged violation of the law operated to estop the State from prosecuting the accused for the identical violation in a subsequent trial.[1] For its part, the State maintains *Tarver* is inappli-

1. We note that the Fifth Circuit has since questioned the validity of this Court's application of collateral estoppel in *Ex parte Tarver,* supra, as a principle of federal double jeopardy. See *Showery v. Samaniego,* 814 F.2d 200, 204 (CA5 1987). At the same time the Fifth Circuit observed, however, that "[i]t is of course within [the Texas Court of Criminal Appeals'] purview to extend state constitutional guarantees beyond those afforded by the federal Constitution." *Id.*

cable by its terms, in that it would apply collateral estoppel only where the State has had a "full and fair opportunity" to litigate the issue in the earlier proceeding. Because no counsel for the State was present at appellant's license suspension hearing, the State maintains it should not be collaterally estopped from relitigating the issue of whether appellant was driving while intoxicated.

In their respective arguments both parties seem to assume what the court of appeals expressly rejected—that whether probable cause to believe appellant had been driving while intoxicated existed at the time police requested a breath or blood specimen from him is "an issue of ultimate fact" in his prosecution for driving while intoxicated. We agree with the court of appeals that it is not. Thus, analysis of the specific questions raised by the parties is pretermitted.

In holding collateral estoppel to be a component of the Fifth Amendment guarantee against double jeopardy, the United States Supreme Court defined it to mean "simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed. 2d 469, 475 (1970). Speaking not of double jeopardy collateral estoppel, *per se*, but of the New York common law doctrine of collateral estoppel, another court has observed:

> "[I]t must be borne in mind that although a judgment in a former criminal prosecution may be res judicata with respect to specific facts or issues determined therein, it will not bar a subsequent prosecution unless the facts or issues so determined are necessarily decisive in the second prosecution and a conviction could not possibly be had therein without contradicting the former determination of such facts or issues."

*People v. Cornier*, 42 Misc.2d 963, 249 N.Y.S.2d 521, 527 (1964). In *Cornier* the accused was first prosecuted for driving without a license, and was acquitted on the basis of a record demonstrating that the trial court, as factfinder, had found the evidence insufficient on the issue of whether Cornier had actually been driving. The court reluctantly held, as a matter of common law collateral estoppel, that the State could not relitigate this identical issue in a subsequent prosecution for driving while intoxicated. At first blush it would appear that *Cornier* is persuasive authority in support of appellant's position in this cause. Under closer scrutiny, however, the analogue proves imperfect.

Identical to both prosecutions in *Cornier* was the issue of ultimate fact whether the accused had actually been driving the automobile at the time in question. A finding that Cornier had in fact been driving the car in the prosecution for driving while intoxicated would necessarily contradict the factfinder's conclusion in the driving without a license prosecution that he had not. In the instant cause, by contrast, there is no necessary contradiction between the jury's finding in the instant cause that appellant was driving while intoxicated, and the municipal court's earlier determination that probable cause did not exist that he had been driving while intoxicated.

Article 6701*l*-5, § 2(f), supra, requires a finding, *inter alia*, "that probable cause existed that [a suspect] was driving or in actual physical control of a motor vehicle ... while intoxicated[.]" We can think of no other explanation for this requirement but that the legislature believed it would be untenable to penalize a D.W.I. suspect who refuses to submit a specimen under circumstances that could not constitutionally justify his arrest for that offense.[2] We construe this provision to require proof, therefore, that facts within the knowledge of the arresting officer at the time he requests the specimen be such as to justify a reasonable belief that the accused was driving while intoxicated such as to constitute

---

**2.** A very early commentator interpreted legislative intent to require the probable cause determination be made as of "the time of the arrest by the officer." Shaw, Driver's License Suspension Under Article 802f, Texas Penal Code 1925, 34 Tex.B.J. 225, at 228 (1971).

probable cause. Unlike the question whether the suspect was, in point of fact, driving while intoxicated, the question whether "probable cause existed" to believe that he was depends upon the legal significance of facts known to the officer at the time of the arrest. A jury finding at trial that an accused was driving while intoxicated can "be had ... without contradicting the former determination" that police had not had probable cause at the time of his arrest to believe that he was.[3] Thus, while evidentiary facts relevant to proving probable cause may also be used later to establish that he had in fact been driving, and intoxicated, the "issue[s] of ultimate fact" are, nevertheless, different.

To illustrate this point it is useful to examine what evidence would be relevant to proving the respective "issues of ultimate fact." Because the probable cause determination is made on the basis only of information available at the time of arrest, facts coming to light after that arrest going to establish guilt of the accused would not be relevant to show probable cause. Later res gestae statements or voluntary answers to custodial interrogation following proper warnings could constitute admissions both that the accused was driving, and that he had been intoxicated. Such statements would not in any way establish, however, that the arresting officer had had probable cause. Moreover, the very fact the accused refused to submit a specimen could be adduced as evidence of his guilt, see *Thomas v. State*, 723 S.W.2d 696 (Tex. Cr.App.1986); *Bass v. State*, 723 S.W.2d 687 (Tex.Cr.App.1986); V.T.C.A., Article 6701*l*–5, § 3(g), but would not be a factor in the probable cause determination. Because the question whether appellant was

driving while intoxicated is susceptible to proof by evidence not even relevant to establishing that "probable cause existed," it cannot be that resolution of the latter issue in appellant's favor prevents the State from attempting to prove the former in a subsequent trial on the merits. Issue preclusion under these circumstances would be misplaced.[4] *Accord State v. Hanemann*, 180 N.J.Super. 544, 435 A.2d 1179, *pet. den.* 88 N.J. 506, 443 A.2d 717 (1981).

Having concluded that appellant's license suspension hearing involved no "issue of ultimate fact" in common with his subsequent prosecution for driving while intoxicated, we have no call to engage in detailed examination of the prior proceeding to determine what issue, if any, was necessarily resolved in appellant's favor. *Ashe v. Swenson*, 397 U.S. at 444, 90 S.Ct. at 1194, 25 L.Ed.2d at 475–6.

Accordingly, the judgment of the court of appeals is affirmed.

TEAGUE, J., dissents.

---

**3.** The converse of this proposition is probably the more obvious—that while an arresting officer could have probable cause to believe his suspect was driving while intoxicated, evidence adduced later fails to bear out this belief beyond a reasonable doubt. As a practical matter, if the arresting officer did *not* have probable cause to arrest, evidence obtained as a result of the arrest will be suppressed, and the prosecution likely will not proceed. This does not mean, however, that a subsequent factfinding that a suspect was in fact driving while intoxicated would conflict with an earlier determination

that the officer had been unreasonable in the belief that he was.

**4.** In addition, as the court of appeals observed, 725 S.W.2d at 789, hearsay evidence may be used to establish probable cause. While that same hearsay evidence might also be relevant to show guilt at the trial on the merits, it would be objectionable in that forum. This further supports the conclusion that the issues of ultimate fact are different.