**Roy Leonard GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00931–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1991.

Discretionary Review Refused
Oct. 30, 1991.

Stanley Schneider, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty. Mary Lou Keel and Robert Stabe, Asst. Harris County Dist. Attys., for appellee.

Before TREVATHAN, C.J., and DUGGAN and DUNN, JJ.

## OPINION

TREVATHAN, Chief Justice.

Appellant, Roy Leonard Green, appeals from the trial court's denial of his pretrial application for writ of habeas corpus in a prosecution against him for possession with intent to deliver cocaine weighing more than 28 grams and less than 200 grams.

On May 25, 1989, Officer D.E. Strouse of the Houston Police Department seized 139 grams of cocaine and $6,789 in cash from appellant. On June 3, 1989, in cause number 532469, appellant was indicted for possessing, with intent to deliver, cocaine weighing more than 28 grams and less than 200 grams.

In his sole point of error, appellant contends that the trial court erred in denying his application for writ of habeas corpus because the issue of whether appellant had possessed cocaine on the occasion in question had already been determined adversely to the State at an earlier civil trial held to determine whether appellant should forfeit the currency and the drugs. Therefore, he claimed that the doctrine of collateral estoppel prevented further litigation of the issue of possession in a subsequent prosecution. The United States Supreme Court has defined collateral estoppel, to mean "simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuits." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

■ The trial court's findings in a pretrial hearing will not be disturbed absent an abuse of discretion. *Freeman v. State*, 723 S.W.2d 727, 729 (Tex.Crim.App.1986).

The previous civil action for forfeiture and the criminal prosecution for possession with intent to deliver cocaine before this Court do not require determination of identical issues of ultimate fact. A case on point is *Neaves v. State*, 767 S.W.2d 784 (Tex.Crim.App.1989). In *Neaves*, the defendant refused to submit a specimen of breath or blood for a determination of alcohol concentration. Prior to trial, a hearing was held before the municipal court pursuant to TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(f) (Vernon Supp.1991) to determine whether the defendant's driver's license should be suspended. The municipal court

made a negative finding upon the question of whether probable cause existed that the defendant had been driving while intoxicated. In the subsequent trial, the defendant raised the plea of collateral estoppel, asserting that the negative finding by the municipal court in the license suspension proceeding estopped the State from establishing that the defendant had been driving while intoxicated. *Id.* at 785. The Court of Criminal Appeals held that the issues of ultimate fact are different in a license suspension hearing held pursuant to article 6701*l*–5, § 2(f) than they are in a trial for driving while intoxicated pursuant to TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1991). *Id.* at 787. The court held that a negative finding of probable cause, made in a prior hearing held pursuant to article 6701*l*–5, § 2(f), does not preclude the State from litigating the issue of whether the defendant was driving while intoxicated in a subsequent trial. *Id.*

 In the present case, in a prior trial in Harris County, number 89–23652, styled *The State of Texas v. $6,798 and 139 grams of cocaine*, the State filed a civil lawsuit for forfeiture of the currency and the drugs that were seized from appellant on June 3, 1989. Finding that the State had failed to prove "any connection between Roy Green *and* the currency, on the one hand, and the contraband seized, on the other hand," the civil court granted forfeiture of the cocaine but denied forfeiture of the currency. (Emphasis added.) Thus, the issue in the case before this Court is whether the negative finding by the civil court in the forfeiture proceeding estopped the State from establishing in a subsequent criminal trial that appellant possessed cocaine with intent to deliver.

In order for the State to be able to seize the money and the drugs, it had to prove they were contraband. TEX.CODE CRIM. P.ANN. art. 59.02 (Vernon Supp.1991). Because the State failed to prove any connection between the drugs, which were contraband, and the currency, the State failed to prove the currency was contraband. In order to prove Green's possession of cocaine with intent to deliver, the State does

not have to prove anything about the relationship between the cocaine and the currency. TEX.HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Pamph.1991). There was no finding by the court that the State had failed to prove any connection between Roy Green *or* the currency on the one hand and the contraband on the other. Therefore, as in *Neaves*, because the issues of ultimate fact in the two proceedings are different, the trial court did not abuse its discretion in denying appellant's application for writ of habeas corpus. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.