brown320 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00320-CR







Lorraine Brown, Appellant



v.



The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C94-4686, HONORABLE JOHN BARINA, JUDGE PRESIDING







PER CURIAM


 Lorraine Brown appeals her conviction for the class B misdemeanor of criminal
trespass. Tex. Penal Code § 30.05 (1994). The court assessed punishment at 90 days'
confinement probated for 18 months, a $1,000 fine ($500 of which was probated), and costs of
court. Appellant, in four points of error, asserts that she did not receive effective assistance of
counsel because counsel (1) predicated her defense upon a legal theory which was no longer valid;
and (2) was inadequately prepared to go to trial. (1) In a fifth point, appellant asserts that the trial
court erred in not including her requested instruction on the necessity defense in the court's charge
to the jury. We will affirm the conviction.



BACKGROUND

 On the afternoon on August 3, 1994, appellant accompanied her mother to the
outpatient clinic at Scott & White Hospital (Scott & White). While her mother was receiving
treatment, appellant engaged various hospital personnel in conversation regarding the transfer of
her mother's medical files to a New York hospital. In the context of these discussions, appellant
expressed various levels of frustration at not being able to reach Dr. John Rinehart, the physician
treating her mother who she believed possessed the authority to release her mother's medical
records.

 Before her visit appellant had attempted to reach Dr. Rinehart by telephone and was
informed that he was on vacation. However, upon seeing him, appellant engaged him in further
conversation regarding the transfer of the records and an update on her mother's medical
condition. This conversation eventually escalated into a loud altercation between the two. Dr.
Rinehart testified that he requested that appellant leave the premises on at least four separate
occasions during the course of this conversation. He then ordered Dora Luckey, the desk
supervisor in the oncology clinic, to call risk management for instructions on how to proceed. 
Risk management instructed Ms. Luckey to call security. The hospital's security personnel
testified that appellant was asked to leave the premises six times, to which appellant responded
that she was on public property and she refused to leave. Furthermore, she could not leave the
property because her mother was visiting for treatment. The requests continued and ultimately
culminated in appellant being physically removed from the premises by Officer Randy Dixon of
the Temple Police Department. Officer Dixon testified that he asked appellant to leave three times
before apprehending and escorting her out of the building with the assistance of Scott & White
security personnel. Appellant was arrested and charged with criminal trespass.

 At trial, appellant testified that she did not understand why Dr. Rinehart was
avoiding her and why the hospital personnel refused to transfer her mother's medical records. 
She further testified that she attempted to call "911" in an effort to receive assistance at the
hospital and that it was necessary that she remain on the premises until her mother completed her
treatment because she was the sole-caretaker of her ailing parent. Scott & White's rebuttal
witness, Dora Luckey, was recalled to the stand and testified that she explained the procedure for
the transfer of medical records to appellant and that such procedures did not require the approval
of the treating physician, only the approval of the patient and the address of the new physician. 
Further, Ms. Luckey stated that medical records are the property of the patient and may not be
given to the patient's daughter without written approval of the patient herself. At the time of the
incident at issue, some of the records requested by appellant had already been transferred.



ANALYSIS


Ineffective Assistance of Counsel

 A convicted defendant's claim that counsel's assistance was so defective as to
require reversal has two components. First, the defendant must show that counsel's performance
was deficient. This requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the
defendant must show that the deficient performance prejudiced the defense. This requires showing
that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result
is reliable. Unless a defendant makes both showings, it cannot be said that the conviction resulted
from a breakdown in the adversary process that renders the result unreliable. Strickland v.
Washington, 466 U.S. 668, 687 (1994). The Strickland analysis was adopted in Texas courts in
reviewing an ineffective assistance of counsel claim under the Texas Constitution. Hernandez
v. State, 726 S.W.2d 53 (Tex. Crim. App. 1986); see O'Hara v. State, 837 S.W.2d 139 (Tex.
App.--Austin 1992, pet. ref'd).

 Appellant must overcome a strong presumption that counsel's conduct resulted from
sound trial strategy. Strickland, 466 U.S. at 689. A court deciding an ineffectiveness claim must
judge the reasonableness of counsel's challenged conduct on the facts of the particular case,
viewed as of the time of counsel's conduct. Id. at 609. It is appellant's burden to prove by a
preponderance of the evidence that ineffective assistance of counsel was rendered. Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); Carmona v. State, 880 S.W.2d 227 (Tex.
App.--Austin 1994, no pet.). As a general rule, isolated instances in the record reflecting errors
of omission or commission do not necessarily render counsel's representation ineffective. 
McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992). Even in instances in which
counsel's performance has proven "deficient" in some aspect, if there is overwhelming evidence
of appellant's guilt, there may be no reasonable probability that the outcome of the proceeding
would have been different. Davis v. State, 830 S.W.2d 762, 766 (Tex. App.--Houston [1st Dist.]
1992, pet. ref'd.).

 A careful review of the record with regard to each of appellant's specific allegations
of deficient representation reveals that appellant received effective assistance of counsel. 
Appellant's initial complaint asserts that trial counsel was ineffective because she predicated her
defense upon a legal theory that was no longer valid. A person commits the offense of criminal
trespass if she enters or remains on property or in a building of another without effective consent
and she had notice that the entry was forbidden or received notice to depart and failed to do so. 
Tex. Penal Code § 30.05(a); Evans v. State, 876 S.W.2d 459 (Tex. App.--Texarkana 1994, no
pet.). Following the state's case-in-chief, appellant's counsel moved the trial court for a directed
verdict based on the holding in Vanderberg v. State, 843 S.W.2d 286 (Tex. App.--Houston [1st
Dist.] 1992), that "a finding of a 'greater right to possession' in the complainant is not sufficient
to support a conviction for criminal trespass." Id. at 288; Palmer v. State, 764 S.W.2d 332, 334
(Tex. App.--Houston [1st Dist.] 1991, pet. ref'd). However, the trial court informed counsel that
the Court of Criminal Appeals reversed the decision in Vanderberg in light of its decision in
Arnold v. State, 687 S.W.2d 378 (Tex. Crim. App. 1993). Vanderberg v. State, 874 S.W.2d 683,
684 (Tex. Crim. App. 1994). (2)

 Second, appellant asserts that trial counsel was deficient in her representation
because she was inadequately prepared to go to trial. In support of this assertion, appellant sets
forth several alleged errors which she believes have the cumulative effect of ineffective assistance
of counsel. Appellant specifically directs us to counsel's failure to review the State's witness list
until five days prior to trial, failure to get a pre-trial hearing set seven days prior to trial, and
failure to object to prosecutorial statements made during voir dire. Whether the cumulative effect
of these omissions amounts to ineffective assistance of counsel, we are compelled to judge
counsel's performance by the totality of the representation provided and not by isolated acts or
omissions. McFarland, 841 S.W.2d at 842; Solis v. State, 792 S.W.2d 95, 98 (Tex. Crim. App.
1990); 41 George E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 24.87 at 615-16 (Texas Practice 1995).

 Judging counsel's performance in the instant case based upon the standard set forth
in Strickland and its progeny, it appears that, although counsel admitted that she was unaware of
the current state of the law, counsel performed adequately in all other aspects of representation. 
The record reflects that counsel, after having her motion for directed verdict overruled, continued
her representation by attempting to show that appellant was highly distressed during the episode
at Scott & White. Moreover, counsel cross-examined each of the State's witnesses, attempting
to show that appellant may not have known that the officer who asked her to leave the premises
was in fact a police officer. Counsel also attempted to elicit testimony regarding appellant's
refusal to leave the premises without her mother whom she had brought in for treatment. Once
the proceedings had concluded, upon a review of the court's charge, counsel objected and
requested an instruction on the defense of necessity, which was denied. Counsel then proceeded
to make a bill of exception for the record. Therefore, given all of the circumstances, we conclude
that appellant counsel's performance does not constitute ineffective assistance under the Strickland
analysis and overrule appellant's first, second, third and fourth points of error.



Necessity Defense

 In her fifth and final point of error, appellant asserts that the trial court erred in
refusing to include appellant's requested instruction of the defense of necessity. Appellant does
not challenge the sufficiency of the evidence to sustain her conviction, but urges that the trial court
erred in not submitting her requested instruction. The defense, as codified in Section 9.22 of the
Texas Penal Code, provides that conduct is justified if:



(1) the actor reasonably believes the conduct is immediately necessary to avoid
imminent harm;


(2) the desirability and urgency of avoiding the harm clearly outweigh, according
to ordinary standard of reasonableness, the harm sought to be prevented by the
law proscribing the conduct; and


(3) a legislative purpose to exclude justification claimed for the conduct does not
otherwise plainly appear.



Cyr v. State, 887 S.W.2d 203, 205 (Tex. App.--Dallas 1994, no pet.); Tex. Penal Code Ann. §
9.22 (West 1994). Brown asserts that the proffered evidence supports each element of the
necessity defense and thus entitled her to an instruction on the applicability of the defense. On
the record before us, we cannot agree.

 A defendant is entitled to an instruction on every defensive issue raised by the
evidence, Golden v. State, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993), but is not entitled to
an instruction on an issue that was not raised by the evidence. Neaves v. State, 725 S.W.2d 785,
789-90 (Tex. App.--San Antonio 1987), aff'd, 767 S.W.2d 784 (Tex. Crim. App. 1989). To
establish that she was entitled to the defense of necessity, appellant must demonstrate that she
satisfied all of the requirements of the defense. Johnson v. State, 650 S.W.2d 414, 416 (Tex.
Crim. App. 1983). In Elam v. State, this Court considered an analogous situation and observed
that



[t]he harm the defendant perceives and seeks to prevent must `clearly outweigh'
the harm which will result from her acting in violation of another law, in this case,
the criminal trespass statute. Moreover, the predicate requirement for invoking
this justification is that the harm the actor assertedly seeks to prevent must first be
a legal harm.



Elam v. State, 841 S.W.2d 937 (Tex. App.--Austin 1992, no pet.) (citations omitted).

 A careful review of the record before us fails to yield any indicia that the staff of
Scott & White were acting beyond the boundaries of the law in their requests that appellant leave
the premises. Moreover, the treatment of appellant and her mother, and the transfer of her
mother's medical records were within the boundaries of the law and customary medical practice. 
See generally Bobo v. State, 757 S.W.2d 58, 63 (Tex. App.--Houston [14th Dist.] 1988, pet.
ref'd), cert. denied, 490 U.S. 1066 (1989). We note that appellant's personal belief in the
possibility of harm will not suffice to outweigh the status of the law at the time in question. See
Schermbeck v. State, 690 S.W.2d 315, 317-18 (Tex. App.--Dallas 1985, no pet.); Bobo, 757
S.W.2d at 63. Accordingly, the evidence does not demonstrate that the harm perceived by
appellant outweighed the actual harm caused by appellant's acknowledged trespass at Scott &
White. The trial court did not err in refusing to submit the defense of necessity as part of its
charge to the jury. Appellant's fifth point of error is overruled.



CONCLUSION


 Finding no error, we affirm the trial court's judgment of conviction.

 

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 3, 1996

Do Not Publish

1.   Appellant makes each assertion with regard to her rights under the sixth and
fourteenth amendments to the United States Constitution and article I, section 10 of the
Texas Constitution.
2.   In Arnold, the Court held that "in criminal trespass cases where the State alleges
ownership . . . the State may establish ownership by proving beyond a reasonable doubt, that
the complainant had a greater right to possession of the property than the defendant." Arnold,
687 S.W.2d at 379; see also Langston v. State, 855 S.W.2d 718, 721 at n. 7 (Tex. Crim.
App. 1993).


 is immediately necessary to avoid
imminent harm;


(2) the desirability and urgency of avoiding the harm clearly outweigh, according
to ordinary standard of reasonableness, the harm sought to be prevented by the
law proscribing the conduct; and


(3) a legislative purpose to exclude justification claimed for the conduct does not
otherwise plainly appear.



Cyr v. State, 887 S.W.2d 203, 205 (Tex. App.--Dallas 1994, no pet.); Tex. Penal Code Ann. §
9.22 (West 1994). Brown asserts that the proffered evidence supports each element of the
necessity defense and thus entitled her to an instruction on the applicability of the defense. On
the record before us, we cannot agree.

 A defendant is entitled to an instruction on every defensive issue raised by the
evidence, Golden v. State, 851 S.W.2d 291, 295 (Tex. Crim. App. 1993), but is not entitled to
an instruction on an issue that was not raised by the evidence. Neaves v. State, 725 S.W.2d 785,
789-90 (Tex. App.--San Antonio 1987), aff'd, 767 S.W.2d 784 (Tex. Crim. App. 1989). To
establish that she was entitled to th