**Ex parte Elizabeth AYERS.**

**No. 01–96–00018–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 11, 1996.

Mike Degeurin, Houston, for Appellant.

John B. Holmes, Jr., Alan Curry, Ray Echevarria, Houston, for Appellees.

Before O'CONNOR, COHEN and WILSON, JJ.

## OPINION

O'CONNOR, Justice.

This is an accelerated appeal. The appellant, Elizabeth Ayers, appeals the denial of her pretrial application for writ of habeas corpus. The issue in this case is whether a finding by an administrative judge—that officers did not have reasonable suspicion to stop the appellant for driving while intoxicated—constitutes a bar to prosecution for driving while intoxicated (DWI) on the basis of collateral estoppel. We hold it does not. We affirm.

### Summary of Facts

The parties have stipulated to the following facts. On March 22, 1995, the appellant was arrested for driving while intoxicated. On July 28, 1995, an administrative judge conducted a hearing on the issue of whether the appellant's driver's license should be suspended. At the hearing, the State and the appellant were both represented by licensed attorneys. The presiding judge, an administrative law judge from the state office of administrative hearings, ruled on the attorneys' objections and allowed them to examine and cross-examine the witnesses, who were deputies from the Harris County Sheriff's Department. At the conclusion of the hearing, the judge made a finding of fact that no reasonable suspicion existed to stop the appellant when she was arrested on March 22,

1995. These are the only facts to which the parties stipulated.

The State apparently filed a complaint and information that charged the appellant with driving while intoxicated arising from the same events on March 22, 1995. We say "apparently" because no copy of this information appears in the record. However, the stipulated facts imply that this is what happened.

The appellant filed a pretrial application for writ of habeas corpus and requested the court to discharge the appellant from criminal prosecution on the ground the administrative judge's ruling of no reasonable suspicion precluded litigating the same issue again in a criminal trial. The trial court granted the writ. At the hearing on the writ, the appellant again requested that the court stop the prosecution against the appellant. After a hearing, the court entered an order denying the requested relief.

### Collateral Estoppel

In three points of error, the appellant argues the trial court erred in refusing to grant the relief the appellant requested in her application for writ of habeas corpus. Specifically, the appellant contends the doctrine of collateral estoppel under state and federal law precludes the State from relitigating the issue of probable cause or reasonable suspicion after an administrative judge decided the issue adversely to the State in an administrative hearing. U.S. CONST. amend. 5, 14; TEX. CONST. art. 1, § 14; TEX.CODE CRIM. PROC. art. 1.10 (1977).

■ The doctrine of collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, the issue cannot again be litigated between the same parties in any future lawsuits. *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *Ex parte Tarver*, 725 S.W.2d 195, 198 (Tex.Crim. App.1986); *Green v. State*, 813 S.W.2d 703, 704 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). The constitutional protection against double jeopardy necessarily encompasses the doctrine of collateral estoppel. *Ashe*, 397 U.S. at 443–45, 90 S.Ct. at 1194–95; *Ex parte*

*Daniel,* 781 S.W.2d 412, 414 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

The defendant bears the burden to establish a plea of double jeopardy under the collateral estoppel rule. *Dedrick v. State,* 623 S.W.2d 332, 339 (Tex.Crim.App.1981). In this case, the trial court denied the relief the appellant requested. The trial court's ruling in a habeas proceeding should not be overturned absent a clear abuse of discretion. *State v. Garza,* 908 S.W.2d 60, 61 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd).

■ The State asserts several reasons the trial court did not abuse its discretion in denying the requested relief. Without discussing each of these reasons, we are persuaded by *Neaves v. State,* 767 S.W.2d 784 (Tex.Crim.App.1989). The facts in *Neaves* are similar to this case. In *Neaves,* the defendant was arrested for driving while intoxicated and refused to submit a specimen of blood or breath for a determination of alcohol concentration. *Id.* at 785. The municipal court held a hearing to determine whether the defendant's driver's license should be suspended. *Id.* At the end of the hearing, the municipal court made a negative finding on the question of whether probable cause existed that the defendant had been driving while intoxicated. *Id.* Therefore, the defendant's license was not suspended. *Id.* The State then tried the defendant for DWI, and the jury convicted the defendant. *Id.*

On appeal, the defendant asserted the negative finding by the municipal court in the license suspension proceeding estopped the State from attempting to establish in the criminal proceeding the defendant had been driving while intoxicated. *Neaves,* 767 S.W.2d at 785. The Court of Criminal Appeals rejected the defendant's contention on the ground the municipal court's finding of fact did not necessarily conflict with the jury's verdict. *Id.* at 786. Specifically, the court held:

Article 6705, Sec. 2(f) ... requires a finding ... "that probable cause existed that [a suspect] was driving or in actual physical control of a motor vehicle ... while intoxicated[.]" ... We construe this provision to require proof, therefore, that facts within the knowledge of the arresting officer at the time he requests the specimen be such as to justify a reasonable belief that the accused was driving while intoxicated such as to constitute probable cause. Unlike the question whether the suspect was, in point of fact, driving while intoxicated, the question whether "probable cause existed" to believe that he was depends upon the legal significance of facts known to the officer at the time of arrest. A jury finding at trial that an accused was driving while intoxicated can "be had ... without contradicting the former determination" that police had not had probable cause at the time of his arrest to believe that he was. Thus, while evidentiary facts relevant to proving probable cause may also be used later to establish that he had in fact been driving, and intoxicated, the "issue[s] of ultimate fact" are, nevertheless, different.

To illustrate this point it is useful to examine what evidence would be relevant to proving the respective "issues of ultimate fact." Because the probable cause determination is made on the basis only of information available at the time of arrest, facts coming to light after that arrest going to establish guilt of the accused would not be relevant to show probable cause. Later **res gestae** statements or voluntary answers to custodial interrogation following proper warnings would constitute admissions both that the accused was driving, and that he had been intoxicated. Such statements would not in any way establish, however, that the arresting officer had probable cause. Moreover, the very fact the accused refused to submit a specimen could be adduced as evidence of his guilt, but would not be a factor in the probable cause determination. Because the question whether [the defendant] was driving while intoxicated is susceptible to proof by evidence not even relevant to establishing "that probable cause existed," it cannot be that resolution of the latter issue in [the defendant's] favor prevents the State from attempting to prove the former in a subsequent trial on the merits. Issue preclusion

under these circumstances would be misplaced.

*Id.* at 786–87 (citations omitted).

We hold *Neaves* controls the outcome of this case. In her pretrial application for writ of habeas corpus, the appellant sought to dismiss the State's entire case based on collateral estoppel. Because the State could potentially establish the appellant's guilt from evidence not derived from her arrest, we hold the trial court did not abuse its discretion in denying the requested relief.

We overrule points of error one through three.

We hold the trial court did not abuse its discretion in denying the appellant's application for writ of habeas corpus.

We affirm the judgment of the trial court.