IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1297-06






JERMAINE DONTE MURPHY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


TITUS COUNTY





 Meyers, J., filed a concurring opinion, in which Keller, P.J., and
Price and Hervey, JJ., joined.


CONCURRING OPINION 



 I agree with the majority that collateral estoppel does not apply in this case. I write
separately to further explain collateral estoppel in an attempt to clarify this confusing area
of the law. Collateral estoppel prevents the State from relitigating a fact necessary to prove
the elements of an offense. In such a situation, that fact has been established so as to bar
relitigation of that same fact. And, it applies only to identical issues and only to the
resolution of issues of ultimate fact. It does not apply to conclusions of law. Therefore,
the question in a collateral estoppel determination is whether a particular fact has been
found adversely to the State and whether the State is now trying to relitigate that exact same
fact. 

 In the case before us, all the court determined at the trial for the possession of
paraphernalia offense was that the State did not prove probable cause or consent, and the
court made this determination based on the fact that the State did not offer any evidence
because the officer did not show up at that trial. Thus, the judge did not make a credibility
determination or determinations of historical facts, he merely determined that the State did
not present any evidence that would show probable cause. The issue of ultimate fact in the
first trial was whether Appellant possessed drug paraphernalia and the ultimate issue in this
trial was whether Appellant possessed a controlled substance. The issue of whether the
officer had probable cause is not an essential element of either offense, rather, it is merely
evidentiary and relates only to the admissibility of other evidence. A finding of no probable
cause to stop or no consent to search does not preclude a determination that Appellant
possessed a controlled substance. 

 Unlike the question of whether Appellant was actually in possession of a controlled
substance, the question of whether probable cause existed to stop Appellant and whether
Appellant consented to the search depends upon the legal significance of the officer's
observations at the time of the arrest. A jury can find at the trial for possession of a
controlled substance that Appellant was guilty without contradicting the determination from
the drug-paraphernalia trial that the State did not show that the officer had probable cause to
stop Appellant or that Appellant consented to the search. 

 In Neaves v. State, we held that a finding in a suspension hearing of no probable
cause for arrest does not preclude later prosecution for the offense because the offense
may be proven by evidence independent of the arrest. 767 S.W.2d 784 (Tex. Crim. App.
1989). The same reasoning applies here. Because the question of whether Appellant was in
possession of a controlled substance is susceptible to proof by evidence not even relevant
to establishing that probable cause existed to stop Appellant, the resolution of the latter
issue in Appellant's favor cannot prevent the State from attempting to prove the former in a
subsequent trial on the merits. Thus, while evidentiary facts relevant to proving probable
cause may also be used later to establish that he was in possession of a controlled
substance (such as that the officer detected the odor of marijuana emanating from the car),
the issues of ultimate fact are different.

 Because there is no contradiction between a determination that the State did not
show probable cause to stop or consent to search and a determination that Appellant was in
possession of a controlled substance; and because the State is not attempting to prove a fact
that would lead to a finding of guilt (i.e., that Appellant committed the alleged offense of
possession of a controlled substance) after once failing to prove that fact in a full hearing, I
agree that collateral estoppel does not apply in this case. With these comments, I join the
opinion of the majority.


 Meyers, J.


Filed: November 7, 2007 

Publish