Diarmuid BUTLER, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–00927–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 8, 1991.

Rehearing Overruled Sept. 5, 1991.

George W. Dana, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before JUNELL, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Diarmuid Butler, appeals his judgment of conviction for the misdemeanor offense of driving while intoxicated, (D.W.I.). After his special plea of double jeopardy was denied, appellant pled guilty, to the Court, pursuant to a plea bargain agreement. The Court found him guilty and assessed punishment at eight (8) days confinement in the Harris County Jail and a three hundred dollar fine. We affirm.

Appellant in his sole point of error asserts that the trial court erred in denying his special plea of double jeopardy. We are to decide whether a conviction for D.W.I., after an earlier conviction for speeding, violates double jeopardy.

On July 12, 1990 appellant advised the Court that he intended to present a special plea of double jeopardy based on *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The trial court advised the parties that it would entertain the motion by affidavits only, without the taking of oral testimony. Appellant later filed his special plea of double jeopardy with affidavit attached. The State filed a response.

Appellant asserted in his affidavit that he was arrested for D.W.I. on June 11, 1990. At the time of his arrest he was issued a speeding ticket charging him with traveling 65 miles per hour in a 35 mile per hour speed zone. Appellant represented that on July 11, 1990 he was tried in Municipal Court Number 6 of Houston, Texas for the speeding offense. Appellant attached a certified copy of the Judgment Record and Court Minutes in such proceeding which reflects that upon appellant's plea of "Nolo" he was found guilty and assessed a fine of $100.00. The trial court denied appellant's special plea of double jeopardy. This denial is the basis of this appeal.

Appellant asserts that a D.W.I. prosecution would violate his double jeopardy rights because the State would be required to prove conduct already established in the

trial for the speeding conviction. The appellant cites us to *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 2094, 109 L.Ed.2d 548 (1990), where the Supreme Court held that the charges of driving while intoxicated and failing to keep to the right of the median precluded a trial for reckless manslaughter and assault stemming from the same conduct.

The *Grady* case says there are two tests to determine if a prosecution is barred by double jeopardy. 110 S.Ct. at 2090. First, we apply the test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). If, under the *Blockburger* test, the prosecution is barred by double jeopardy, we stop there. If, however, under the *Blockburger* test, the prosecution is not barred by double jeopardy, we must then apply the second test discussed in the *Grady* case before we can decide if double jeopardy bars the prosecution.

■ Appellant challenges the prosecution under both the State and Federal double jeopardy provisions. Conceptually, the State and Federal provisions are identical. *Phillips v. State*, 787 S.W.2d 391, 343 n. 2 (Tex.Crim.App.1990). The double jeopardy clause embodies three protections: It protects against another prosecution for the same offense after acquittal; it protects against another prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. *Grady*, 110 S.Ct. at 2090. Here, we ask if the prosecution for D.W.I. is barred by the conviction for speeding. *Grady*, 110 S.Ct. at 2090. *Phillips*, 787 S.W.2d at 393.

■ The *Blockburger* test requires us to determine whether the offenses of, speeding and D.W.I. require proof of an element that the other does not. If the test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, *Blockburger* bars the later prosecution. *Grady*, 110 S.Ct. at 2090.

The offenses of speeding and D.W.I. are contained in TEX.REV.CIV.STAT.ANN. art. 6701d § 166(a) (Vernon 1977) and TEX.REV.

CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp. 1991). The courts abstracted the elements for the offense of speeding in *Leman v. State*, 807 S.W.2d 408, 410 (Tex.App.—Houston [14th Dist.] 1991, no pet.), and for D.W.I. in *Solis v. State*, 787 S.W.2d 388, 390 (Tex.Crim.App.1990). The elements of the offense of speeding and D.W.I. are set out below.

| Speeding: | Driving while intoxicated: |
|---|---|
| (1) a person | (1) a person |
| (2) drives | (2) drives or operates |
| (3) a vehicle | (3) a motor vehicle |
| (4) on a public highway | (4) in a public place |
| (5) at a speed greater than is reasonable and prudent under the circumstances. | (5) while intoxicated |

Applying *Blockburger*, each offense requires proof of an element that the other does not. Speeding requires proof of the element of speed that is greater than reasonable or prudent. Driving while intoxicated requires proof of the element of intoxication. Thus, under the first part of the *Blockburger* test, these offenses are not barred by double jeopardy.

The second part of the *Blockburger* test is whether one offense is a lesser included offense of the other. Article 37.09 of the Texas Code of Criminal Procedure defines a lesser included offense as one that:

(1) is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.P.ANN. art. 37.09 (Vernon 1981). *Johnson v. State*, 773 S.W.2d 721, 724 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). Thus, under article 37.09, speeding is not a lesser included offense of D.W.I.

Therefore under *Blockburger*, double jeopardy does not bar prosecution for D.W.I. As stated in *Grady*, however, that is not enough. The next step is to apply the *Grady* test, which requires us to determine whether the State must prove one offense as an essential element of the other offense. The double jeopardy clause bars any later prosecution in which the State must prove conduct, that constitutes an offense, for which the defendant has already been prosecuted. *Grady*, 110 S.Ct. at 2093. Here, the question is whether the State is required to prove speeding as part of the D.W.I. case. As stated in *Grady:*

> This is not an "actual evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct. As we have held, the presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding.

*Id.* at 2093.

We find that speeding is not an essential element of D.W.I. A person can be prosecuted for D.W.I. regardless of the speed of his vehicle, and a driver need not be intoxicated to be prosecuted for speeding. The prohibited conduct is driving a motor vehicle while intoxicated and the State does not have to prove appellant was speeding to make its case for D.W.I. The State need only prove that appellant was intoxicated and driving a motor vehicle in a public place. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1991).

We find that double jeopardy does not bar appellant's prosecution for driving while intoxicated under *Blockburger* because each offense requires proof of an element that the other does not. Nor does *Grady* bar appellant's subsequent prosecution because the separate offense of speeding is not an essential element of the offense of driving while intoxicated. *Also see: Parrish v. State*, 807 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1991, no pet.); *Kvetinskas v. State*, 809 S.W.2d 914 (Tex.App.—Houston [14th Dist.] 1991). We overrule appellant's sole point of error.

Accordingly, we affirm the trial court's judgment.