**Phillip Rochelle COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–01171–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 9, 1992.

Logene L. Foster, Sugar Land, for appellant.

Fred M. Felcman, Richmond, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

This is an appeal from a denial of an application for writ of habeas corpus. In his petition, appellant alleged that he is being illegally detained by the State of Texas because prosecution for the offense of driving while intoxicated (DWI) is barred by the double jeopardy clauses of the United States and Texas Constitutions. After a hearing, the trial court denied appellant's application. We affirm.

The record reflects that on the evening of April 15, 1990, Department of Public Safety Trooper Brasuel was working at the scene of an automobile accident. Trooper Brasuel had parked his patrol car across a lane, left its strobe lights on, and was directing traffic by waving his flashlight. Appellant drove towards the scene and instead of turning at the officer's direction, he steered his car off the road and around the roadblock. Officer Brasuel hollered at appellant and when appellant did not respond, the officer pursued him. Appellant's vehicle was weaving and was straddling lane dividers. Appellant finally responded to the police siren and lights and stopped. After the officer formed the belief appellant was intoxicated, a sobriety test was administered. In addition to the DWI charge, appellant was charged with failing to drive in a single marked lane and disregarding a police officer. Appellant pled guilty in Justice of the Peace Court, Precinct One, to the traffic offenses and he paid fines and court costs.

The District Attorney's Office of Fort Bend County later sought to prosecute appellant for the DWI arising from the same incident. Appellant then filed an application for writ of habeas corpus which was denied.

Appellant brings two points of error contending that the trial court erred in holding that the double jeopardy clause does not

bar the subsequent DWI prosecution. The trial court ruling was based on the State's promise not to use or rely upon the traffic offenses for which appellant has already been punished. Appellant also argues that the State would have to prove that he was failing to drive in a single marked lane or that he disregarded a police officer in order to prove the DWI offense.

Our first step in approaching a double jeopardy argument is to apply the *Blockburger* test. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We must determine whether each offense requires proof of an element that the other does not. *Id.* at 304, 52 S.Ct. at 182. If the offenses have the same statutory elements, then the subsequent prosecution will be barred. Under this test, the elements of the offense of DWI are: (1) a person (2) drives or operates (3) a motor vehicle (4) in a public place (5) while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1991); *Solis v. State*, 787 S.W.2d 388, 390 (Tex.Crim.App. 1990). The elements of disregarding or non-obedience to a police officer are: (1) a person (2) willfully failing or refusing to comply (3) with lawful order or direction (4) of any police officer (5) invested with authority to direct, control, or regulate traffic. TEX.REV.CIV.STAT.ANN. art. 6701d, § 23 (Vernon 1977). Intoxication is not an element of the offense of disregarding an officer. Likewise, intoxication would not be a necessary element of proof in a charge of failing to drive in a marked lane. Thus, under the *Blockburger* test, there would not be a double jeopardy bar to prosecution. Also, we must find, as we do, that one offense is not a lesser included offense of the other. *See* TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981).

Even if the prosecution for DWI is not barred under *Blockburger*, we must still determine whether the State must prove one offense as an essential element of the other offense. *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990). The crucial test is what *conduct* the State will prove, rather than what evidence will be used to prove that conduct. *Id.* In *Grady*, the State admitted that the subsequent prosecution would require proof of conduct for which defendant had previously been prosecuted. Therefore, double jeopardy barred the subsequent prosecution. *Id.* 110 S.Ct. at 2094.

At the hearing on appellant's petition for writ of habeas corpus, the State argued that it did not intend to rely on the two previously prosecuted offenses in proving up the pending DWI offense. The trial court found that failure to drive in a single marked lane and failure to disregard would not be necessary to prove any element of DWI. We find that the previously prosecuted conduct is not an essential element of DWI and therefore, it is not barred by *Grady*. *See Butler v. State*, 816 S.W.2d 124, 126 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). In *Leman*,[1] *Parrish*,[2] *and Butler*,[3] this Court has previously rejected the same arguments appellant brings to us in this appeal. Unless the traffic offenses are lesser included offenses of DWI, or proof of their prohibited conduct is necessary to prove the prohibited conduct in a DWI offense, double jeopardy simply does not apply. Appellant pointed out in argument that it will be difficult for the State to prove DWI without use of the conduct involved in the traffic offenses. He argues that the conduct of the traffic offenses is necessary to show the initial probable cause from which the DWI charge flowed. While we recognize the potential problem, that is not our concern on appeal. The State has admitted to the trial court that it cannot and will not use that conduct. Several tools are available to the appellant to keep that conduct out of the DWI trial. In the event the State cannot prove the DWI charge without bringing in testimony related to the prohibited conduct for which appellant has

1. *Leman v. State*, 807 S.W.2d 408 (Tex.App.—Houston [14th Dist.] 1991, pet. granted).

2. *Parrish v. State*, 807 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1991, pet. granted).

3. *Butler v. State*, 816 S.W.2d 124 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

already been punished, the trial court should dismiss the DWI charge. Because the State will not be proving DWI by use of previously prosecuted conduct, double jeopardy is not raised. Appellant's two points of error are overruled.

Accordingly, the trial court's denial of appellant's application for writ of habeas corpus is affirmed.