Christopher M. ATKINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–00950–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1993.

Don T. Schwartz, Rosenberg, for appellant.

Mary Peter Cudd, Angleton, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

Appellant appeals from the denial of a pretrial application for writ of habeas corpus in which appellant attempted to bar his prosecution for the offense of driving while intoxicated (DWI). When appellant was charged with DWI, he was also cited for failure to drive in a single marked lane. On March 25, 1992, he pled guilty in Justice of the Peace Court to the traffic offense and paid a fine. In one point of error, appellant claims the trial court erred in denying the writ because double jeopardy bars his prosecution for DWI. We affirm.

This court has previously rejected the argument that prosecution for DWI is barred after a plea of guilty to a traffic offense that occurred during the same criminal episode. *See Cooper v. State*, 828 S.W.2d 565 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Butler v. State*, 816 S.W.2d 124 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Leman v. State*, 807 S.W.2d 408 (Tex.App.—Houston [14th Dist.] 1991), *aff'd*, 845 S.W.2d 872 (Tex. Crim.App.1992). We rely on the rationale of these prior cases in our discussion of this appeal.

When considering a double jeopardy argument, the first step is to apply the *Blockburger* test. *See Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We must determine whether each offense requires proof of an element that the other does not. *Id.* 284 U.S. at 304, 52 S.Ct. at 182. If the offenses have the same statutory elements, then the subsequent prosecution will be barred. Under this test, the elements of DWI are: (1) a person (2) drives or operates (3) a

motor vehicle (4) in a public place (5) while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701l–1(b) (Vernon Supp.1993). The elements of failure to drive in a single marked lane are: (1) a person (2) drives or operates (3) a motor vehicle (4) within a single marked lane, and (5) moves from that lane without first ascertaining that such movement can be made with safety. TEX.REV. CIV.STAT.ANN. art. 6701d § 60(a) (Vernon 1977). Intoxication is not a necessary element of proof in a charge of failure to drive in a single marked lane. Thus, under the *Blockburger* test, there is no double jeopardy bar.

■ In addition, we must determine whether the State must prove one offense as an essential element of the other. *Grady v. Corbin*, 495 U.S. 508, 520–22, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990). The crucial test is what *conduct* the State will prove, rather than what evidence will be used to prove that conduct. *Id.* This court has determined that failure to drive in a single marked lane is not necessary to prove any element of DWI; thus, the previously prosecuted conduct is not an essential element of DWI. *Cooper*, 828 S.W.2d at 566.

■ Unless the traffic offense is a lesser included offense of DWI, or proof of its prohibited conduct is necessary to prove the prohibited conducted in a DWI offense, double jeopardy simply does not apply. *Id.* Failure to drive in a single marked lane is not a lesser included offense of DWI. *Id.* Therefore, appellant's previous guilty plea to failure to drive in a single marked lane does not bar prosecution for DWI.

Appellant claims that previous cases finding no double jeopardy bar are not controlling under the facts presented here. Because appellant had refused to take a breath test when he was arrested, an administrative hearing was held to determine whether to suspend appellant's driver's license. *See* TEX.REV.CIV.STAT.ANN. art.

6701l–5, § 2(f) (Vernon Supp.1993). At the hearing, the court found no probable cause existed that appellant had been driving while intoxicated, and appellant's license was not suspended.[1] Appellant argues that double jeopardy bars his prosecution because a negative finding on an essential element of the prosecution's case has already been made.

■ Article 6701l–5, § 2(f) requires a finding "that probable cause existed that [a suspect] was driving or in actual physical control of a motor vehicle … while intoxicated." TEX.REV.CIV.STAT.ANN. art. 6701l–5, § 2(f) (Vernon Supp.1993). The Court of Criminal Appeals has construed this provision to require proof that, at the time the arresting officer requests the blood or breath specimen, facts within his knowledge justify a reasonable belief that the accused was driving while intoxicated, so as to constitute probable cause. *Neaves v. State*, 767 S.W.2d 784, 786–87 (Tex.Crim. App.1989). Probable cause is determined based upon the legal significance of facts known to the officer *at the time of the arrest*, and facts coming to light after the arrest going to establish guilt would not be relevant to show probable cause. *Id.* at 787. A jury may find at trial that an accused was driving while intoxicated without contradicting the former determination that the police did not have probable cause at the time of his arrest to believe that he was.[2] *Id.* We hold that the negative finding at the license suspension hearing on whether probable cause existed that appellant was driving while intoxicated does not bar appellant's trial for DWI.

We overrule appellant's sole point of error and affirm the trial court's denial of habeas corpus relief.

---

1. The only evidence of this finding in the record before us is a copy of the docket entry from the hearing. The State argues that we may not consider the docket entry. Because we reject appellant's argument concerning the no probable cause finding, we need not address the sufficiency of the record.

2. The court in *Neaves* noted that, as a practical matter, if the arresting officer did *not* have probable cause to arrest, evidence obtained as a result of the arrest should be suppressed, and the prosecution likely would *not* proceed. *Neaves*, 767 S.W.2d at 787 n. 3.