Affirmed and Opinion filed October 19, 2004









Affirmed
and Opinion filed October 19, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-03-01126-CR 

         14-03-01127-CR

____________

 

ANGELO LAVENTINO
FLINT,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 929,972;
929,973

 



 

O P I N I O N

Appellant, Angelo Laventino Flint, appeals
from his convictions for aggravated assault on a public servant and taking a
weapon from a peace officer.  A jury
found him guilty of both offenses, and he was sentenced to seven years’
imprisonment for the aggravated assault and two years’ imprisonment for taking
a weapon.  On appeal, appellant contends
that (1) his convictions constitute double jeopardy in violation of the United
States and Texas Constitutions, and (2) the two criminal statutes are in
pari materia, and thus, he should have only been tried under the
more specific statute.  We affirm.








Background

On November 9, 2002, Lieutenant M.E. West
of the Houston Police Department was working security at the Family Game Room
while wearing his uniform and department insignia.  At around 1 a.m., West was working in the parking
lot in front of the club, while fellow officer Rick Odis was working
inside.  According to West’s testimony, a
truck driven by appellant was stopped in front of the building blocking other
traffic, while a woman on the passenger side was talking to a man standing
outside the truck.  Four or five times,
West told appellant that appellant needed to move the vehicle.  According to West, appellant then opened his
door and said, in an aggressive tone, that they were not doing anything wrong.  West approached the driver’s side, where
appellant was then standing, and again asked appellant to move the truck.  Appellant said something in the manner of
“we’re not doing a damn thing,” in a very aggressive tone.  West then pulled his cell phone out of his
pocket and began to call for backup, at which point appellant slapped the phone
out of West’s hand.  Appellant then
punched West below the left eye, knocking him to his knees.  Appellant continued to hit West while he was
on the ground, and West reached for his pistol only to discover that appellant
already had the firearm in his hand. 
Appellant pointed it at West, and West grabbed the barrel to try to
bring it to the ground.  At this point,
the man who had been standing beside the truck, said to appellant, “Stop.  Don’t shoot. 
Don’t shoot him.”  As appellant
and West continued to fight over the gun, it discharged; apparently no one was
hit.  They struggled for approximately
another minute before appellant gained control of the gun.  Appellant then pointed the weapon at West
again and told him to lay on his stomach; when West refused, appellant
threatened to kill him.  Eventually,
Officer Odis came out, and appellant handed the gun to him.  West and Odis then arrested appellant.

Officer Odis testified that, on the night
in question, he was informed that something was going on in the parking lot, he
went outside and approached West and appellant, and appellant placed a weapon
in Odis’s hand.  Odis then handcuffed
appellant after a brief struggle. 
Another officer who arrived on the scene testified that appellant told
him that he, appellant, had “messed up.”








Appellant testified that Officer West
exchanged words with the woman who was in appellant’s vehicle, then ran around
the vehicle and “came at” appellant with his hand on his weapon.  Appellant said that he felt threatened at
that point; he grabbed West, and they struggled.  He said that West pulled his own weapon, but
appellant eventually managed to take the weapon from West.  Appellant further said that he told West to
just stay where he was, but he denied ever pointed the weapon at West.  He said he acted just to defuse the
situation.

Double Jeopardy

In his first two issues, appellant
contends that his convictions for aggravated assault of a public servant and
taking a weapon from a peace officer violated the prohibition against double
jeopardy in the United States and Texas Constitutions.  U.S.
Const. amend. V; Tex. Const.
art. I, § 14.  Because appellant does not
assert that the Texas Constitution provides greater or different protection
than does the U.S. Constitution, we shall consider the issue only under the
U.S. Constitution.  See Arnold v.
State, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993).

The Double Jeopardy Clause of the U.S. Constitution gives
three protections: (1)  it protects
against a second prosecution for the same offense after acquittal; (2) it
protects against a second prosecution for the same offense after conviction;
and (3) it protects against multiple punishments for the same offense.  Roy v. State, 76 S.W.3d 87, 93
(Tex. App.—Houston [14th Dist.] 2002, no pet.). 
The appellant was not subjected to a subsequent trial after acquittal or
conviction, so only the provision against multiple punishments potentially applies.  See Garner v. State, 852 S.W.2d 687,
688 (Tex. App.—Houston [14th Dist.] 1993, no pet.).








In considering whether the two statutory provisions punish
the “same offense,” we must determine whether each charge requires proof of an
additional fact that the other does not. 
Blockburger v. United States, 284 U.S. 299, 304 (1932).  We do not examine whether the two offenses
occurred in the same instance of conduct but whether they require proof of the
same elements.  Mallett v. State,
65 S.W.3d 59, 68 (Tex. Crim. App. 2001) (citing United States v. Dixon,
509 U.S. 688 (1993)).  A double jeopardy
analysis must focus on the elements of the offenses as alleged in the charging
instruments rather than as listed in the Penal Code.  Parrish v. State, 869 S.W.2d 352,
354-55 (Tex. Crim. App. 1994); Ex parte Tarlton, 105 S.W.3d 295, 298
(Tex. App.—Houston [14th Dist.] 2003) (orig. proceeding).

The indictment for aggravated assault charged that appellant
“did . . . unlawfully, intentionally and knowingly threaten with imminent
bodily injury M.E. West . . . while [West] was lawfully discharging an official
duty, by using and exhibiting a deadly weapon, namely a firearm, knowing that
[West] was a public servant” (emphasis omitted).[1]  The indictment for the taking of a weapon
charged that appellant “did . . . unlawfully, intentionally and knowingly and
with force take, by removing from a secured holster a firearm from M.E. West, a
peace officer . . . wearing a distinctive uniform and badge indicating his
employment with the Houston Police Department, and having the intention of
harming M.E. West” (emphasis omitted).[2]








Both indictments clearly required proof that appellant did
something unlawfully, intentionally, and knowingly; both indictments also
required proof West was identified or identifiable as a peace officer.  However, each charged offense required proof
of at least one additional element that the other offense did not: the assault
indictment additionally required proof that appellant threatened West with
imminent bodily injury by using and exhibiting a firearm, and the taking a
weapon indictment required proof appellant took a firearm by force from
West.  Although both of these additional
elements involved a firearm, the two alleged actions are not the same: one
involved taking someone’s firearm, while the other required threatening someone
with a firearm.  Thus, each of the
indictments required proof of at least one element not required for conviction
under the other indictment.  Accordingly,
prosecution under both instruments does not fail the Blockburger double
jeopardy test.  See Mallet, 65
S.W.3d at 68 (holding that convictions for aggravated assault and criminal
mischief were not barred by double jeopardy because each required different
elements—threat of injury compared to damage to property without the consent of
the owner); Vineyard v. State, 958 S.W.2d 834, 836 (Tex. Crim. App.
1998) (holding that successive prosecutions for child pornography did not
violate double jeopardy because, although both charges arose from one instance,
proof of a video tape and proof of a photograph required different elements); Atkinson
v. State, 848 S.W.2d 813, 815 (Tex. App.—Houston [14th Dist.] 1993, pet.
ref’d) (holding that failure to drive within one lane and DWI were separate
offenses requiring different elements of proof).

Blockburger, however, is not the sole test for determining whether two
offenses should be considered the same under the multiple punishments prong of
double jeopardy analysis.  Ervin v.
State, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999).  Other considerations relevant to determining
whether multiple punishments were meted out for the same offense include:
whether the provisions are contained within the same statutory section, whether
the offenses are phrased in the alternative, whether the offenses are named
similarly, whether the offenses have common punishment ranges, whether the
gravamen of the offenses are the same, whether the focus indicates a single
instance of conduct, whether the differing elements could be considered the
same under an imputed theory of liability, and whether there is legislative
history suggesting an intent to treat the offenses as the same.  Id.








In the present case, appellant argues only that the offenses
share the same gravamen, that the focus indicates a single instance of conduct,
and that the elements could be considered the same under an imputed theory of
liability.[3]  Appellant asserts that the common gravamen is
the protection of public servants.  Id.  However, the offenses’ placement in the Penal
Code—aggravated assault being in Chapter 22, titled “Assaultive Offenses,” and
taking a weapon being in Chapter 38, titled “Obstructing Governmental
Operation”—does not support that contention. 
Based on the chapter headings, it is clear that while the charge of
assault was created to protect individuals, including public servants,[4]
the taking of a weapon charge was created primarily to prevent or punish
obstruction of governmental operations.[5]  Thus the provisions do not share the same
gravamen.

Appellant argues that the offenses’ common focus indicates a
single instance of conduct.  However, as
noted in regard to the gravamen argument, it does not appear that the offenses
have a common focus.  Certainly, as shown
by the facts of this case, a person could commit both offenses during one
transaction; however, just as clearly, a person could commit just one or the
other offense.[6]  Thus, the focus of the provisions do not
indicate a single instance of conduct.








Lastly, appellant contends that there are no differences
between the elements of the offenses, except perhaps in wording; thus, the
elements would be considered the same under an imputed theory of
liability.  However, as explained above,
there are differences between the elements, and these differences are more than
just matters of form.  Each offense
requires a different, specific act be proven—taking a weapon compared to
threatening the officer with a weapon.

Because under no test do the two charges at issue in this case
constitute one offense, prosecution and punishment under both charges did not
violate appellant’s constitutional right against double jeopardy.  Accordingly, appellant’s first two issues are
overruled.

In Pari Materia

In his third issue, appellant contends
that because the statutes under which he was prosecuted are in pari materia,
he should have been tried only under the more specific offense.  The doctrine of in pari materia is a
rule of statutory construction that holds that, when two statute are in pari
materia, they should be read in harmony with each other so that “effect
will be given to all the provisions of each act if they can be made to stand
together and have concurrent efficacy.”  Burke
v. State, 28 S.W.3d 545, 546 (Tex. Crim App. 2000) (quoting Mills v.
State, 722 S.W.2d 411, 413-14 (Tex. Crim. App. 1986)).  When general and specific acts are in pari
materia, they should be construed together, such that any conflict is
solved by applying the more specific statute, unless a contrary legislative
intent can be discerned.  Tex. Gov’t Code § 311.026 (Vernon
1998); Burke, 28 S.W.3d at 546-47.

In pari materia analysis shares
several key aspects with double jeopardy analysis.  The two statutes must have been enacted with
the same purpose in mind to justify interpreting one in light of the
other.  Burke, 28 S.W.3d at
547.  Other considerations include
whether the two statutes require the same elements of proof, whether they are
contained in the same legislative acts, whether they apply different penalties,
and whether they appear to be intended to be interpreted together.  Id. at 547-48.








As discussed in more detail above, the two
provisions involved in this case do not share the same purpose or gravamen, nor
do they require the same elements of proof; each requires at least one
additional element that the other does not. 
Further, the provisions were not created or even modified in the same
legislation, and they do not apply the same penalty range.  In conclusion, the two statutes do not appear
intended to be read together, and hence, they are not in pari materia.[7]  Appellant’s third issue is overruled.

The trial court’s judgment is affirmed.

 

 

______________________        

Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed October 19, 2004.

Panel
consists of Chief Justice Hedges and Justices Fowler and Seymore.

Do
Not Publish — Tex. R. App. P.
47.2(b).











[1]  Under the
Penal Code, the charge of aggravated assault in the second degree includes the
elements of (1) intentionally or knowingly (2) threatening with imminent bodily
injury (3) while using or exhibiting a deadly weapon (4) a public servant (5)
who is lawfully discharging an official duty. 
Tex. Pen. Code Ann. §
22.02 (Vernon 2002).





[2]  Under the
Penal Code, the charge of taking a weapon from a peace officer includes the
elements of (1) intentionally or knowingly (2) taking or attempting to take (3)
a firearm, nightstick, or personal protection chemical dispensing device (4) by
force (5) from a peace officer (6) with intent to harm the officer or a third
person.  Tex. Pen. Code Ann. § 38.14 (b) (Vernon 2002).





[3]  The Penal Code
provisions in question, sections 22.02 (“Aggravated Assault”) and 38.14
(“Taking or Attempting to Take Weapon From Peace Officer, Parole Officer, or
Community Supervision and Corrections Department Officer”), are not in the same
section; indeed, they are in different chapters, respectively 22 and 38.  The offenses are not phrased in the alternative,
nor are they named similarly.  Aggravated
assault, under the circumstances of this case, is a second degree felony,
whereas taking a weapon is a third degree felony.  Tex.
Pen. Code Ann. §§ 22.02(b), 38.14(e). 
Further, appellant does not suggest that there is any legislative
history treating the offenses as the same.





[4]  Chapter 22
also includes such offenses as sexual assault, injury to a child, and tampering
with a consumer product, all of which involve protecting individuals from harm.





[5]  Chapter 38
also includes such offenses as hindering apprehension or prosecution,
preventing execution of civil process, and unauthorized practice of law, all of
which involve preventing obstruction of governmental operation.





[6]  Indeed, the
charges and facts of the present case could be interpreted such that appellant
could not have committed the aggravated assault, using West’s weapon, until he
had completed the taking a weapon offense.





[7]  Even if the
statutes were considered in pari materia, they could be harmonized and
each given effect because of the differing elements required for conviction
under each.  See Burke, 28 S.W.2d
at 546.