PD-0281-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/2/2015 11:00:06 AM
Accepted 4/2/2015 1:58:00 PM
ABEL ACOSTA
CLERK

# No. PD-0281-15

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

THE STATE OF TEXAS, *Appellant*

**v.**

JEFFREY GRENDON, *Appellee*

Appeal from El Paso County

# JEFFREY GRENDON'S RESPONSE TO PETITION FOR DISCRETIONARY REVIEW

TIMOTHY A. HOOTMAN
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (fax)
E-mail: thootman2000@yahoo.com

ATTORNEY FOR RESPONDENT JEFFREY GRENDON

FILED IN
COURT OF CRIMINAL APPEALS

April 2, 2015

ABEL ACOSTA, CLERK

~ 1 ~

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................. 2

INDEX OF AUTHORITIES ........................................................................... 3

ARGUMENT ................................................................................................. 2

PRAYER ........................................................................................................ 7

CERTIFICATE OF WORD COUNT ............................................................ 7

CERTIFICATE OF SERVICE ...................................................................... 8

# INDEX OF AUTHORITIES

**Texas cases:**

*Atkinson v. State*, 848 S.W.2d 813 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd)................................................................................................ 4

*Aviles v. State*, 23 S.W.3d 74 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)... 4

*Barraza v. State*, 733 S.W.2d 379 (Tex. App.—Corpus Christi 1987), *aff'd*, 790 S.W.2d 654 (Tex. Crim. App. 1980)............................................................ 6

*Bass v. State*, 64 S.W.3d 646 (Tex. App.—Texarkana 2001, pet. ref'd).................. 4

*Carter v. State*, 309 S.W.3d 31 (Tex. Crim. App. 2010).......................................... 7

*Eichler v. State*, 117 S.W.3d 897 (Tex. App.—Houston [14th Dist.] 2003, no pet.)....................................................................................................... 4

*Fowler v. State*, 266 S.W.3d 498 (Tex. App.—Fort Worth 2008, pet. ref'd)........... 4

*Hernandez v. State*, 983 S.W. 867 (Tex. App.—Austin 1998, pet. ref'd)................. 4

*Mahaffey v. State*, 316 S.W.3d 633 (Tex. Crim. App. 2010)................................... 4

*Miffleton v. State*, 728 S.W.2d 880 (Tex. App.—Austin 1987), *aff'd*, 777 S.W.2d 76 (Tex. Crim. App. 1989)................................................................. 6

*Milton v. State*, 549 S.W.2d 190 (Tex. Crim. App. 1977)....................................... 5

*Montanez v. State*, 195 S.W.3d 101 (Tex. Crim. App. 2006)................................... 7

*State v. Alderete*, 314 S.W.3d 469 (Tex. App.—El Paso 2010, pet. ref'd)............... 5

*State v. Arriaga*, 5 S.W.3d 804 (Tex. App.—San Antonio 1999, pet. ref'd)........... 4

*State v. Cherny*, 28 S.W.3d 796 (Tex. App.—Corpus Christi 2000, no pet.).......... 4

*State v. Tarvin*, 972 S.W.2d 910 (Tex. App.—Waco 1998, pet. ref'd)..................... 4

*Raffaelli v. State*, 881 S.W.2d 714 (Tex. App.—Texarkana 1994, pet. ref'd)........... 6

**Federal cases:**

*Arizona v. Johnson*, 555 U.S. 783 (2009)............................................................... 5

*United States v. Hill*, 195 F.3d 258 (6th Cir. 1999)................................................ 5

*United States v. Holt*, 264 F.3d 1215 (10th Cir. 2001)............................................ 5

*United States v. Sandoval*, 29 F.3d 537 (10th Cir. 1994)........................................ 5

**Rules and statutes:**

TEX. TRANS. CODE § 545.060.................................................................................. 4, 6

TEX. REV. CIV. STAT. art. 6701d § 60(a)................................................................... 4

# ARGUMENT

Section 545.060 of the Rules of the Road states that "[a]n operator ... shall drive as nearly as practical entirely within a single lane; *and* may not move from the lane unless that movement can be made safely." TEX. TRANS. CODE § 545.060 (emphasis added). The court of appeals concluded that a violation under section 545.060 occurs when both conditions are present; that is, there is only *one* way to violate the statute. The state argues that a violation occurs when an operator either strays from a lane although not practical to so stray, or he strays from a lane in an unsafe manner; that is, there are *two* ways to violate the statute.

Many appellate opinions support the one-method interpretation.[1] No opinions support the two-method interpretation advanced by the state. The state's brief places an olive leaf over this inconvenience in attempting to convince this Court to exercise its jurisdiction by stating that "no court of appeals has ever conducted a thorough analysis of section 545.060(a) or its predecessor, TEX. REV. CIV. STAT. art. 6701d § 60(a)." *See* St. Pet. at 4.

---

[1] *See, e.g., Mahaffey v. State*, 316 S.W.3d 633, 640 (Tex. Crim. App. 2010); *Fowler v. State*, 266 S.W.3d 498, 499 (Tex. App.—Fort Worth 2008, pet. ref'd); *Eichler v. State*, 117 S.W.3d 897, 900 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Bass v. State*, 64 S.W.3d 646, 651 (Tex. App.—Texarkana 2001, pet. ref'd); *State v. Cherny*, 28 S.W.3d 796, 800 (Tex. App.—Corpus Christi 2000, no pet.); *Aviles v. State*, 23 S.W.3d 74, 77 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *State v. Arriaga*, 5 S.W.3d 804, 807 (Tex. App.—San Antonio 1999, pet. ref'd); *Hernandez v. State*, 983 S.W. 867, 871 (Tex. App.—Austin 1998, pet. ref'd); *State v. Tarvin*, 972 S.W.2d 910, 910-11 (Tex. App.—Waco 1998, pet. ref'd); *Atkinson v. State*, 848 S.W.2d 813, 815 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).

The state also argues that its two-method interpretation should prevail so that fewer motions to suppress are granted. The state's petition for review states in this regard: "And while it might be easy to overlook the importance of defining a single traffic offense, it is difficult to ignore the seriousness of the offenses that go unpunished as a result [of the one-method interpretation]."). *See* St. Br. at 3. However, the purpose of the Rules of the Road are to insure that driving is safe, not to provide law enforcement with technical reasons to conduct searches for more serious offenses. Of course, law enforcement may properly elevate a traffic stop to a more serious detention if reasonable under the circumstances. *See Milton v. State*, 549 S.W.2d 190, 193-194 (Tex. Crim. App. 1977). But when the purpose of the stop is for a traffic offense, the detention should be no longer than necessary to give a citation.[2] On the other hand, if law enforcement is aware of circumstances that indicate an offense *other than a traffic violation*, a stop is proper for that reason alone. *See State v. Alderete*, 314 S.W.3d 469, 471 (Tex.

---

[2] *See Arizona v. Johnson*, 555 U.S. 783, 788 (2009) ("An officer's inquiries into matters unrelated to the justification for the traffic stop, this Court has made plain, do not convert the encounter into something other than a lawful seizure, so long as those inquires do not measurably extend the duration of the stop."); *United States v. Holt*, 264 F.3d 1215, 1221 (10th Cir. 2001) ("[A]ny questioning that unreasonably extends the duration of the stop must be justified by additional articulable suspicion or probable cause."); *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999) ("Once the purpose of the traffic stop is completed, a motorist cannot be further detained unless something that occurred during the stop caused the officer to have a reasonable and articulable suspicion that criminal activity is afoot."); *United States v. Sandoval*, 29 F.3d 537, 539-40 (10th Cir. 1994) ("When the driver [who has been stopped for a traffic violation] has produced a valid license and proof that he is entitled to operate the car, he must be allowed to proceed on his way, without being subject to further delay by police for additional questioning.").

App.—El Paso 2010, pet. ref'd); *Raffaelli v. State*, 881 S.W.2d 714, 716 (Tex. App.—Texarkana 1994, pet. ref'd); *Barraza v. State*, 733 S.W.2d 379, 380 (Tex. App.—Corpus Christi 1987), *aff'd*, 790 S.W.2d 654 (Tex. Crim. App. 1980); *Miffleton v. State*, 728 S.W.2d 880, 883 (Tex. App.—Austin 1987), *aff'd*, 777 S.W.2d 76 (Tex. Crim. App. 1989).  Therefore, the state's public policy argument that many serious offenses go unsolved because of the one-method interpretation is unpersuasive.

Under well-established law, the officer in this case could have stopped respondent for suspicion of driving while intoxicated, regardless of section 545.060, if the swaying were such that it indicated a violation.  *Id.*  However, the officer testified that he stopped respondent, not for suspicion of driving while intoxicated, but for suspicion of the section 545.060 traffic offense.  The court of appeals opinion states in this regard that "the officer testified that the swerving constituted a traffic offense, and he never contended the stop was based on suspicion of driving while intoxicated."  Op. at 7.  Additionally, the officer exaggerated his description of what he saw to such a degree that the trial court concluded that he was not a credible witness; the trial court found that "the dash cam video was in direct conflict with the police officer's testimony regarding how many times the defendant swerved into the lanes[.]"  Op. at 4.  Thus, even under the state's two-method interpretation, the record shows that respondent drove as nearly as practical within a single land *and* that he was safe, in spite of the officer's testimony which was not credible.  Of course, the trial court's findings,

including those as to credibility, are reviewed on appeal with great deference, even when there is a video, as in this case. *Carter v. State*, 309 S.W.3d 31, 40 (Tex. Crim. App. 2010); *Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006).

Although Rule 66.3 is broad, it is not so broad as to warrant exercise of this Court's jurisdiction over the circumstances of this case. TEX. R. APP. P. 66.3.

## PRAYER

Respondent, Jeffrey Grendon, prays that the Court refuse the state's petition for discretionary review.

Respectfully submitted,

/s/Timothy A. Hootman
TIMOTHY A. HOOTMAN
SBN 09965450
2402 Pease St
Houston, TX 77003
713.247.9548
713.583.9523 (f)
E-mail: thootman2000@yahoo.com

ATTORNEY FOR RESPONDENT JEFFREY GRENDON

## CERTIFICATE OF WORD COUNT

I hereby certify that, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure, that the number of words contained in this document are 1,062 according to the computer program used to prepare this document.

Dated: April 2, 2015

/s/Timothy A. Hootman
TIMOTHY A. HOOTMAN

# CERTIFICATE OF SERVICE

I hereby certify that, in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, I have served the forgoing document upon the following attorneys by electronic service:

> Lisa C. McMinn
> John R. Messinger
> P.O. Box 13046
> Austin, TX 78711
> information@spa.texas.gov

Dated: April 2, 2015

/s/Timothy A. Hootman
TIMOTHY A. HOOTMAN
