# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO.  03-20-00519-CR

---

**Bernard Daniel, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 80234, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

I respectfully dissent from the Court's opinion and would hold that it is objectively reasonable for Officer Todd to have reasonable suspicion that Daniel violated Section 545.060(a): "an operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely."  Tex. Transp. Code § 545.060(a).  In my opinion, an officer's mistake of law in adhering to the plurality opinion's statutory construction in *Leming v. State*, 493 S.W.3d 552, 556–61 (Tex. Crim. App. 2016), is objectively reasonable when the validity of this Court's contrary interpretation of Section 545.060(a) in *Hernandez v. State*, 983 S.W.2d 867, 871 (Tex. App.—Austin 1998, pet. ref'd), has not been considered post-*Leming*, although *Hernandez* remains the law in this jurisdiction.  I also write separately because it is my view that "exceptional circumstances require en banc consideration," *see* Tex.

R. App. P. 41.2(c), to provide needed clarity to the officers in this jurisdiction as to the interpretation of Section 545.060(a) and the status of *Hernandez*. Since this Court denies en banc consideration in its opinion today, I encourage the Court of Criminal Appeals to address this issue, especially given the split across the courts of appeals. *See Dugar v. State*, 629 S.W.3d 494, 499 (Tex. App.—Beaumont 2021, pet ref'd) ("That the interpretation of section 545.060 is not yet settled is apparent from examining the intermediate courts of appeals cases discussing *Leming*.").[1]

The statutory issue in this appeal concerns whether Section 545.060(a) sets forth two distinct requirements,[2] creating a statutory violation for the failure to comply with either requirement, or whether its provisions operate together, creating a statutory violation only if an operator fails to comply with both Subsections (1) and (2). In *Hernandez*, this Court held that "the statutory language shows a legislative intent that a violation of section 545.060 occurs only when a vehicle fails to stay within its lane *and* such movement is not safe or is not made safely" and that the provision does not "create[] two separate offenses, but rather only one: moving out of a marked lane when it is not safe to do so." 983 S.W.2d at 871 (citing *Atkinson v. State*, 848 S.W.2d 813, 815 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd)). Eight years after

---

[1] The Court of Criminal Appeals has granted a petition for discretionary review that raises this issue but has not issued a decision in that case. *See State v. Hardin*, No. PD-0799-19 (Tex. Crim. App. Oct. 2, 2019), *available at* https://search.txcourts.gov/Case.aspx?cn=PD-0799-19&coa=coscca (last visited Dec. 17, 2021).

[2] Technically, Subsection (2) is a prohibition rather than a requirement: "an operator . . . may not move from the lane unless that movement can be made safely." Tex. Transp. Code § 545.060(a)(2). But this prohibition can also be understood as a conditional requirement: if an operator moves from the lane, then that movement must have been able to be made safely. For ease of reference, I refer to Subsection (1)'s requirement and Subsection (2)'s prohibition jointly as two requirements.

*Hernandez*, however, a plurality opinion of four judges on the Court of Criminal Appeals expressly disavowed *Hernandez*'s construction of Section 545.060(a), concluding:

> We do not think the fact that both the requirement (stay within a single lane as far as practical) and the prohibition (do not leave that lane unless it is safe to do so) originally appeared in the same subsection of the statute necessarily means that the Legislature intended that *both* must be violated before an offense has occurred. To interpret the statute as the courts of appeals in *Atkinson* and *Hernandez* have done essentially reads the requirement aspect (stay in a single lane as far as is practical) out of the statute, leaving only the prohibition aspect (do not change lanes when it is unsafe to do so) intact.

*Leming*, 493 S.W.3d at 558 (plurality op.); *see also id.* at 558–60 (plurality op.). But because Judge Alcala did not join this section of the plurality opinion—although she joined the other sections of the opinion—*Leming* did not overrule *Hernandez*. *See Leming*, 493 S.W.3d at 553.

Nevertheless, in my view, an officer's adherence to the plurality's construction of Section 545.060(a) in *Leming* is an objectively reasonable mistake of law. *See Dugar*, 629 S.W.3d at 500–01 (holding that mistake of law that *Leming*'s construction of section 545.060 superseded construction in 2000 binding precedent from same court was objectively reasonable after date of plurality *Leming* opinion (citing *Heien v. North Carolina*, 574 U.S. 54, 61 (2014); *Ehrhart v. State*, 9 S.W.3d 929, 930 (Tex. App.—Beaumont 2000, no pet.))).[3] Five judges joined Parts I, III, and IV of *Leming* and the plurality statutory construction—Part II—is

---

[3] "But reasonable men make mistakes of law, too, and such mistakes are no less compatible with the concept of reasonable suspicion. Reasonable suspicion arises from the combination of an officer's understanding of the facts and his understanding of the relevant law. The officer may be reasonably mistaken on either ground. Whether the facts turn out to be not what was thought, or the law turns out to be not what was thought, the result is the same: The facts are outside the scope of the law. There is no reason, under the text of the Fourth Amendment or our precedents, why this same result should be acceptable when reached by way of a reasonable mistake of fact, but not when reached by way of a similarly reasonable mistake of law." *Heien v. North Carolina*, 574 U.S. 54, 61 (2014).

3

seamlessly included within the opinion of the Court as a whole. *See Leming*, 493 S.W.3d at 553 ("Yeary, J., announced the judgment of the Court and delivered the opinion of the Court with respect to Parts I, III, and IV in which Keller, P.J., and Meyers, Alcala and Richardson, JJ., joined, and an opinion with respect to Part II in which Keller, P.J., and Meyers and Richardson, JJ., joined."). Moreover, *Leming*'s conclusion in Part IV, which five judges joined, restates the plurality's conclusion in Part II. *See id.* at 565 ("Gillow had reasonable suspicion to detain Appellant to investigate *both the offense of failing to maintain a single lane of traffic* and the offense of driving while intoxicated" (emphasis added)). The Court asserts that the officer's mistake of law is not reasonable "when this Court has never stopped following *Hernandez* or cast any doubt on its continuing validity." *Ante* at ___. But in April 2017, when Officer Todd stopped Daniel's vehicle, this Court had not cited either *Hernandez* or *Leming* in a post-*Leming* decision, nor has it applied *Hernandez* or considered its validity in light of *Leming* since then.[4]

---

[4] Since *Leming v. State*, 493 S.W.3d 552 (Tex. Crim. App. 2016), this Court has only cited *Hernandez v. State*, 983 S.W.2d 867 (Tex. App.—Austin 1998, pet. ref'd), twice in two unpublished opinions without considering the validity of or applying *Hernandez* to the facts. *See State v. McMahan*, No. 03-19-00824-CR, 2020 WL 6533661, at *2 (Tex. App.—Austin Nov. 6, 2020, no pet.) (mem. op., not designated for publication) (quoting trial court's conclusions of law that include *Hernandez* citations); *Cano v. State*, No. 03-15-00485-CR, 2017 WL 3908640, at *3 n.16 (Tex. App.—Austin Aug. 24, 2017, pet. ref'd) (mem. op., not designated for publication) (noting in footnote dicta that "this Court has previously held [the unsafe requirement] to be necessary to support a finding of reasonable suspicion to believe that a driver has violated section 545.060," citing *Hernandez*, and referencing *Leming* as "*But see*" authority); *cf. Dugar v. State*, 629 S.W.3d 494, 500 n.28 (Tex. App.—Beaumont 2021, pet ref'd) ("While this Court, since deciding *Ehrhart*, has cited *Leming* in several unpublished opinions, none of this Court's post-*Leming* jurisprudence addresses whether we agree or disagree with the plurality view adopted by a plurality of justices on the Court of Criminal Appeals in *Leming*."). And although it was not addressing the statutory construction of Section 545.060(a), this Court has cited the plurality section of *Leming* as authority on multiple occasions. *See State v. Prince*, No. 03-18-00456-CR, 2019 WL 1925900, at *5 (Tex. App.—Austin May 1, 2019, no pet.) (mem. op., not designated for publication) (citing *Leming*, 493 S.W.3d at 561); *State v. Garrett*, No. 03-17-00333-CR, 2018 WL 2728256, at *4 (Tex. App.—Austin June 7, 2018, no pet.) (order

Finally, in today's opinion, the Court goes even further than concluding that *Hernandez* is binding. This Court states that "*Hernandez* was decided correctly" because Subsections (1) and (2) "are joined by the conjunctive 'and,' which means that to violate Section 545.060(a), a motorist must both fail to drive as nearly as practical entirely within a single lane *and* fail to make that movement safely." *Ante* at ___. But this reasoning misconstrues Section 545.060(a)'s logical form as setting forth two *violations*, rather than two *requirements*. When two requirements are joined by the conjunctive "and," the violation of either requirement constitutes a violation of the statutory provision.[5]

For these reasons, I respectfully dissent and encourage the Court of Criminal Appeals to revisit the issue and reconsider *Hernandez*'s construction of Section 545.060(a).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Filed: December 23, 2021

---

& mem. op., not designated for publication) (per curiam) (citing *Leming*, 493 S.W.3d at 561); *State v. Salas*, No. 03-16-00325-CR, 2018 WL 2437223, at *4 (Tex. App.—Austin May 31, 2018, no pet.) (mem. op., not designated for publication) (citing *Leming*, 493 S.W.3d at 561); *Reyna v. State*, No. 03-16-00774-CR, 2017 WL 2926650, at *3 (Tex. App.—Austin July 6, 2017, no pet.) (mem. op., not designated for publication) (citing *Leming*, 493 S.W.3d at 561). And as our sister court has noted, in cases decided after *Leming*, "most appellate courts have followed the plurality view of the maintain-a-single-line statute articulated by the plurality of justices in *Leming*." *Dugar*, 629 S.W.3d at 500 n.28.

[5] Section 545.060(a)'s logical form is: A shall do X *and* may not do Y. Thus, if A does not do X, then A is not complying with: A shall do X and may not do Y. And if A does Y, then A is also not complying with: A shall do X and may not do Y. In other words, if A does not do X *or* does Y, then A has violated Section 545.060(a), according to its logical form.